PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
MARVA SAMUEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA SAMUEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLAR SWIM LLC dba SOLAR SWIM & GYM; HTET AUNG; AND WINT LWIN,<br><br>    Defendants. | CASE NO. 4:19-cv-05785 KAW<br><u>Civil Rights</u><br><br>**<u>FIRST AMENDED</u> COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff MARVA SAMUEL complains of Defendants SOLAR SWIM LLC dba SOLAR SWIM & GYM; HTET AUNG; AND WINT LWIN, and each of them, and alleges as follows:

1.      **INTRODUCTION:**  This case involves barriers to disabled access that prevented and continues to prevent disabled Plaintiff MARVA SAMUEL from fully accessing the health club known as Solar Swim & Gym.  Among other barriers, she is unable to access the pool due to an inaccessible path of travel as well as the lack of a pool lift, despite the facility undergoing several alterations, including renovation of the pool itself.  Further, due to a lack of grab bars in the restroom Plaintiff was forced to hold onto the sink to lower herself to the toilet.  The toilet was too low and inaccessible.  Her wrist gave out and she fell onto the toilet, substantially

1

1  exacerbated an existing back injury that required follow up treatment by her doctor.  She also

2  experienced a humiliating bodily functions accident as a result of Defendants' inaccessible

3  restrooms.

4          2.      Defendants denied disabled Plaintiff MARVA SAMUEL accessible public

5  facilities, including paths of travel at the Solar Swim & Gym ("Health Club") located at 111 W.

6  15th Street, Antioch, California.  Plaintiff MARVA SAMEUL is a "person with a disability" or

7  "physically handicapped person" who requires the use of a motorized wheelchair, walker or other

8  assistive devise for locomotion and is unable to use portions of public facilities which are not

9  accessible to mobility disabled persons.  On or about August 14, 209, Plaintiff was denied her

10  rights to full and equal access at the Health Club.  She was denied her civil rights under both

11  California law and federal law, and continues to have her rights denied, because these facilities

12  were not, and are not now, properly accessible to physically disabled persons, including those

13  who use assistive devices for mobility.

14          3.      Plaintiff seeks injunctive relief to require Defendants to make these facilities

15  accessible to disabled persons and to ensure that any disabled person who attempts to patronize

16  the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

17  damages for her discriminatory experiences and denial of access and of civil rights, which denial

18  is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

19  also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

20  federal and state law.

21          4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

22  section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

23  sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

24  arising from the same facts are also brought under California law, including but not limited to

25  violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

26  54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

27  Code.

28          5.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff is a qualified physically disabled person who must use a wheelchair, cane, walker or other assistive devices for ambulation due to multiple disabling physical conditions, which include but are not limited to multiple surgeries on her leg including placing certain hardware to support her bones, osteoarthritis, and degenerative disc disease. Despite surgeries, Plaintiff's ability to ambulate has been severely impacted. Prior to the incidents described herein, Plaintiff had been issued California "disabled" license plates which entitles her to park in a properly configured disabled accessible parking space.

8. Defendants SOLAR SWIM LLC dba SOLAR SWIM & GYM; HTET AUNG; AND WINT LWIN, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. The Solar Swim & Gym is a place of "public accommodation" and "business establishment" subject to the requirements of multiple categories of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.* On information and belief, the Solar Swim & Gym and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19955-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act

3

of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).  Further, Plaintiff's claims relate to discriminatory policies and practices, as well as encountering architectural barriers.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

10.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11.      Plaintiff MARVA SAMUEL and other similarly situated physically disabled persons, including those who require the use of an assistive device for ambulation, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also

4

1    incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

2         12.    Title 24, California Code of Regulations, formerly known as the California

3    Administrative Code and now also known as the California Building Code, was in effect at the

4    time of each alteration which, on information and belief, occurred at such public facility since

5    January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

6    each such "alteration, structural repair or addition" was carried out.  On information and belief,

7    Defendants and/or their predecessors in interest carried out new construction and/or alterations,

8    structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

9    been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

10   structural repairs, and/or additions which triggered access requirements at all relevant portions of

11   the Solar Swim & Gym, also occurred between July 1, 1970, and December 31, 1981, and

12   required access pursuant to the A.S.A. (American Standards Association) Regulations then in

13   effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et*

14   *seq*.  Further, on information and belief, additions to the building after the initial construction also

15   occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

16   19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and

17   requirements per 42 USC sections 12182 and 12183 of the ADA.

18        13.    **FACTUAL STATEMENT**:  Plaintiff MARVA SAMUEL is a person with a

19   mobility disability due to multiple surgeries on her legs and hips.  She uses the assistance of a

20   cane, walker or wheelchair for ambulating depending on her symptoms.  On August 14, 2019,

21   Plaintiff MARVA SAMUEL arrived at the Health Club after noting an advertisement for a

22   reasonably priced gym membership that would allow her to purchase memberships for her

23   grandchildren as well as herself.

24        14.    Upon entering the parking lot, however, Plaintiff noticed that there were zero

25   designated accessible parking spaces. Plaintiff was able with difficulty to exit her vehicle and use

26   her walker to approach the entrance.

27        15.    Upon reaching the entrance to the Health Club, Plaintiff saw that the threshold of

28   the door was raised above the level of the parking lot which required her to take a small step up in

5

order to enter the facility.  Additionally, the opening of the entrance door was very narrow.  Fortunately for Plaintiff, she was using her walker for ambulatory assistance, so she was able, with difficulty, to maneuver herself and her walker up the small step and through the narrow entrance.

16.     As she entered the facility she met an employee who offered her a tour of the facility.  Plaintiff's doctors recommend swimming to keep herself healthy and minimize the symptoms of her disability.  She was therefore interested in the pool that the employee mentioned had been recently renovated.  There was a pool, as well as an exercise room near the main office and entryway.  There was insufficient space adjacent to any of the equipment in the exercise room for Plaintiff to use any of them.

17.     Unable to use the gym equipment, Plaintiff hoped the pool would be accessible.  To her dismay, the only way to access the pool level was to traverse two steps.  With difficulty, Plaintiff was able to lift her walker up the first stair and follow a path of travel that lead to a long hallway that terminated at another step up to the pool.  This hallway ran adjacent to the pool and also led to the locker rooms.  The path through the hallway contained several dangerously steep slopes and hazardous changes in level due to the placement of drains in the floor making it very difficult for Plaintiff to manage with her walker.  At the end of the hallway was a second step to the pool area.  Plaintiff walked to the end of the hall and again lifted her walker to get up to the pool deck.

18.     At this point, she noticed there was no pool lift visible and inquired to her tour guide about where the pool lift for disabled persons was located.  He answered that they did not have one.  There were also basketball courts and tables for use at events, none of which appeared to be accessible. Plaintiff was disappointed because she would not be able to use these spaces with her family.

19.     The guide next showed her a sauna and soaking hot tub, but neither of these were accessible to her either.  The sauna was too small.  The soaking hot tub did not have a lift and required the patron to climb up a step in order to reach the entrance steps down into the hot tub.  Disappointed at how little of the gym should would be able to use, especially if she were using

6

1    her wheelchair, Plaintiff continued the tour to see if any section of the gym could be used.

2        20.    As Plaintiff returned down the hallway she came, she attempted to look at the

3    changing rooms.  The width of the doorway was so narrow that she could not move her walker

4    through the doorway.  She leaned on the wall to look into the locker room, where she could see

5    no accessible restrooms or showers.  On information and belief, there were no lawfully accessible

6    restroom or showers on the premises.

7        21.    Plaintiff at the end of the tour now had a need to use the restroom.  Unable to use

8    the restrooms in the changing area, she asked if there were any other restrooms.  The employee

9    told her there was a restroom near the front desk, which he took her to.

10       22.    This restroom was inaccessible in multiple respects.  There was insufficient room

11   to take her walker inside the restroom, so Plaintiff left it outside.  She was able to enter the

12   restroom without her walker and get to the toilet.  However, there were no grab bars and no way

13   for her to properly balance to use the toilet.  Due to the lack of grab bars in the restroom Plaintiff

14   was forced to hold onto the sink to lower herself to the toilet.  The toilet was too low and

15   inaccessible.  Her wrist gave out and she fell onto the toilet, substantially exacerbated an existing

16   back injury that required follow up treatment by her doctor.  Plaintiff experienced a humiliating

17   bodily functions accident that soaked her buttocks, legs and hands.   The urine irritated her skin.

18   She left the premises embarrassed.  On her way out a patron noticed her distress and asked her

19   what happened. Plaintiff told her. The patron responded with disappointment that the restrooms

20   were inaccessible, telling Plaintiff that the facility had undergone recent renovations.

21       23.    Plaintiff left the facility feeling extremely frustrated and disappointed.  The Solar

22   Swim & Gym membership prices are extremely competitive, and the family membership would

23   have allowed her grandchildren to take advantage of the swimming pool and other amenities at

24   the Health Club as well.  It is unjust that Plaintiff should have to pay more for a gym membership

25   at a different facility simply because the Solar Swim & Gym does not offer accessible facilities.

26       24.    Plaintiff has a preexisting back condition that was exacerbated by the experiences

27   at the Solar Swim and Gym.  She received outpatient medical treatment for this injury after her

28   visit to the Gym and she believes the injury at the gym worsened her condition.

7

FIRST AMENDED COMPLAINT
CASE NO. 4:19-cv-05785 KAW

25. On information and belief, the gym underwent a renovation in the pool area in 2019, which should have required that the areas of alteration, the paths of travel to the areas of alteration, and the restrooms serving those, be made accessible under both State and Federal Law at the time of the alteration. They were not.

26. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection of the premises by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises, including parking facilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

27. Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

28. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to users of walkers and wheelchairs, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair, walker or other assistive devices for movement in public places.

29. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff

8

is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to use the Health Club and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff would like to use the Solar Swim & Gym as her primary place for exercise once legally required access has been provided because exercising in a pool is the best rehabilitation for her at this time, and the facilities are conveniently close to her home and are less expensive than most health clubs in her area.

30.    The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

31.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, California Business & Professions Code sections 17200 *et seq*., and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter

9

1   prayed for.

2       32.    **DAMAGES:**  As a result of the denial of full and equal access to the described

3   facilities and due to the acts and omissions of Defendants and each of them in owning, operating,

4   leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a

5   violation of her civil rights, including but not limited to rights under Civil Code sections 54 and

6   54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and

7   emotional personal injuries, all to her damages per Civil Code section 54.3, including general and

8   statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions

9   to act constitute discrimination against Plaintiff on the basis that she was and is physically

10  disabled and unable, because of the architectural and other barriers created and/or maintained by

11  the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis

12  as other persons.  These violations have deterred Plaintiff from returning to patronize the Solar

13  Swim & Gym and will continue to cause her damages each day these barriers to access continue

14  to be present.

15      33.    **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendants' wrongful

16  conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all

17  times herein mentioned, Defendants were fully aware that significant numbers of potential users

18  of their public facilities were and are and will be physically disabled persons, including walker

19  and wheelchair users and other mobility-impaired persons, and would have need of facilities that

20  complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this

21  knowledge, Defendants installed and maintained the physical barriers complained of, and failed

22  to remove these barriers, and have failed to provide properly accessible facilities, including but

23  not limited to those previously noted hereinabove, as required by state and federal law.  On

24  information and belief, Defendants have ignored complaints about the lack of proper disabled

25  access by Plaintiff and by other disabled persons.  Defendants have continued their illegal and

26  discriminatory practices despite actual knowledge that persons with physical mobility disabilities

27  may attempt to patronize the subject Health Club and encounter illegal barriers which deny them

28  full and equal access when they do so.

10

34.     At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

35.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

36.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them herein as if separately re-pleaded.

37.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

11

1

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

2

3

4   Civil Code § 51(b). [Emphasis added.]

5       38.     California Civil Code section 52 provides that the discrimination by Defendants

6   against Plaintiff on the basis of her disability constitutes a violation of the general anti-

7   discrimination provisions of sections 51 and 52.

8       39.     Each of Defendants' discriminatory acts or omissions constitutes a separate and

9   distinct violation of California Civil Code section 52, which provides that:

10

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

11

12

13

14      40.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a

15  violation of California Civil Code section 51(f), thus independently justifying an award of

16  damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

17  Civil Code section 51(f), "A violation of the right of any individual under the Americans with

18  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

19      41.     The actions and omissions of Defendants as herein alleged constitute a denial of

20  access to and use of the described public facilities by physically disabled persons within the

21  meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

22  action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

23  sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

24  Plaintiff, according to proof.

25      42.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

26  Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

27  statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

28  disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

12

1    seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

2    provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

3    intended to require that Defendants make their facilities and policies accessible to all disabled

4    members of the public, justifying "public interest" attorney fees, litigation expenses and costs

5    pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

6    applicable law.

7             WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

8    stated.

9

10                         **THIRD CAUSE OF ACTION:**
                 **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
11                              **42 USC §§ 12101 *et seq***

12          43.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

13   the allegations contained in Paragraphs 1 through 42 of this Complaint and incorporates them

14   herein as if separately re-pleaded.

15          44.     In 1990 the United States Congress made findings that laws were needed to more

16   fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

17   that "historically, society has tended to isolate and segregate individuals with disabilities;" that

18   "such forms of discrimination against individuals with disabilities continue to be a serious and

19   pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

20   are to assure equality of opportunity, full participation, independent living, and economic self-

21   sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

22   discrimination and prejudice denies people with disabilities the opportunity to compete on an

23   equal basis and to pursue those opportunities for which our free society is justifiably famous..."

24   42 U.S.C. §12101.

25          45.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

26   Act and in the Americans with Disabilities Act of 1990.

27          46.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

28   Congress stated as its purpose:

1

It is the purpose of this Act

2

    (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

3

4

    (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

5

    (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

6

7

    (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

8

9

42 USC § 12101(b).

10

    47.    As part of the ADA, Congress passed "Title III - Public Accommodations and

11

Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and

12

facility is one of the "private entities" which are considered "public accommodations" for

13

purposes of this title, which includes but is not limited to any "amusement park or other place of

14

recreation," (42 USC § 12181(7)(I)) and any "gymnasium, health spa…or other place of exercise

15

of recreation," (42 USC § 12181(7)(L)).

16

    48.    The ADA states that "No individual shall be discriminated against on the basis of

17

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

18

or accommodations of any place of public accommodation by any person who owns, leases, or

19

leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific

20

prohibitions against discrimination include, but are not limited to the following:

21

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an

22

individual or class of individuals, on the basis of a disability or disabilities of such individual or

23

class, directly, or through contractual, licensing, or other arrangements, with the opportunity to

24

participate in or benefit from a good, service, facility, privilege, advantage, or accommodation

25

that is not equal to that afforded to other individuals."

26

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or

27

procedures when such modifications are necessary to afford such goods, services, facilities,

28

privileges, advantages, or accommodations to individuals with disabilities...;"

14

1    § 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no

2    individual with a disability is excluded, denied service, segregated, or otherwise treated

3    differently than other individuals because of the absence of auxiliary aids and services...;"

4    § 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that

5    are structural in nature, in existing facilities... where such removal is readily achievable;"

6    § 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause

7    (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

8    advantages, or accommodations available through alternative methods if such methods are readily

9    achievable."

10   The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under

11   the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

12        49.    The removal of each of the physical barriers complained of by Plaintiff as

13   hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards

14   of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one

15   of the architectural and/or policy barriers complained of herein were already required under

16   California law.  Further, on information and belief, alterations, structural repairs or additions

17   since January 26, 1993, have also independently triggered requirements for removal of barriers to

18   access for disabled persons per section 12183 of the ADA.  In the event that removal of any

19   barrier is found to be "not readily achievable," Defendants still violated the ADA, per

20   section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and

21   accommodations through alternative methods that were "readily achievable."

22        50.    On information and belief, as of the dates of Plaintiff's encounter at the premises

23   and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have

24   denied and continue to deny full and equal access to Plaintiff and to other mobility disabled

25   persons in other respects, which violate Plaintiff's right to full and equal access and which

26   discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff

27   the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

28   accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

15

51.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing this Health Club and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

52.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff MARVA SAMUEL is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

53.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff MARVA SAMUEL is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize this Health Club, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

16

1   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

2   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

3   Plaintiff is granted the relief she requests.  Plaintiff and Defendants have an actual controversy

4   and opposing legal positions as to Defendants' violations of the laws of the United States and the

5   State of California. The need for relief is critical because the rights at issue are paramount under

6   the laws of the United States and the State of California.

7       WHEREFORE, Plaintiff MARVA SAMUEL prays for judgment and the following

8   specific relief against Defendants:

9       1.      Issue a preliminary and permanent injunction directing Defendants as current

10  owners, operators, lessors, and/or lessees of the subject property and premises to modify the

11  above described property, premises, policies and related facilities to provide full and equal access

12  to all persons, including persons with physical disabilities; and issue a preliminary and permanent

13  injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide

14  facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

15  full and equal access, as required by law, and to maintain such accessible facilities once they are

16  provided; to cease any discriminatory policies, including misrepresenting that inaccessible

17  facilities are in fact "accessible"; and to train Defendants' employees and agents in how to

18  recognize disabled persons and accommodate their rights and needs;

19      2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

20  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

21  inaccessible public facilities and policies as complained of herein no longer occur, and cannot

22  recur;

23      3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

24  damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

25  according to proof;

26      4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

27  costs of this proceeding as provided by law;

28      5.      Award prejudgment interest pursuant to Civil Code section 3291; and

1        6.      Grant such other and further relief as this Court may deem just and proper.

2

3   Date: December 17, 2019               REIN & CLEFTON

4

5                                */s/ Aaron Clefton*
                                 By AARON CLEFTON, Esq.

6                                 Attorney for Plaintiff
                                 MARVA SAMUEL

7                            **JURY DEMAND**

8      Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

9   Date: December 17, 2019               REIN & CLEFTON

10

11                                 */s/ Aaron Clefton*
                                 By AARON CLEFTON, Esq.

12                                 Attorney for Plaintiff
                                 MARVA SAMUEL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28